IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                                                                    Civil Action No. 1:22-CV-105
                                                                                      (JUDGE KLEEH)

**DR. MARK JOHNSON,**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
AMENDED COMPLAINT [ECF NO. 12-1] BE DISMISSED WITHOUT PREJUDICE
AND THAT MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2] BE DENIED**

On August 19, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against an individual, namely, Dr. Mark Johnson ("Defendant"). [ECF No. 1, at 1]. The undersigned previously entered a Report and Recommendation [ECF No. 13], after initial screening, recommending that the original Complaint be dismissed without prejudice.

However, also docketed herein is an Amended Complaint [ECF No. 12-1], which is somewhat confusingly presented as an attachment to a purported notice or proof of service of the same. [ECF No. 12]. In the interest of addressing the record as completely as may be necessary, then, the undersigned enters the instant Report and Recommendation with respect to that Amended Complaint. The Amended Complaint appears to include certain factual allegations and purported claims which are somewhat different from what Plaintiff included in the original Complaint.

Having screened Plaintiff's Amended Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Amended Complaint [ECF No. 12-1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief

may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, a resident of the Commonwealth of Pennsylvania, initially brought this matter in the Middle District of Pennsylvania on August 19, 2022. [ECF No. 1, at 1]. However, by memorandum opinion [ECF No. 5] and corresponding order [ECF No. 6], Magistrate Judge William I. Arbuckle transferred the matter from the Middle District of Pennsylvania to this District. Judge Arbuckle found that venue was not proper in the Middle District of Pennsylvania, and, quoting 28 U.S.C. § 1391(b)(2), transferred the matter to this District, where "a substantial part of the events or omissions giving rise to the claim" are alleged to have taken place. [ECF No. 5, at 2]. Judge Arbuckle was careful to note that he did not address Plaintiff's request to proceed *in forma pauperis* and had not conducted a screening of the merits of the case. Id., at 3-4.

Plaintiff seems to allege that Defendant is liable to him for his actions preceding a federal criminal investigation and prosecution of Plaintiff. Defendant appears to be affiliated with a healthcare facility, and Plaintiff seems to allege that Defendant (in concert with administration at

---

[1] Plaintiff, *pro se*, recently has filed 18 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Mark Zogby, 1:22-CV-74, (7) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (8) Brizuela v. Highlands Hospital and Michelle Cunningham, 1:22-CV-76, (9) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (10) Brizuela v. CPEP, 1:22-CV-82, (11) Brizuela v. KDKA TV, 1:22-CV-83, (12) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (13) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (14) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, (15) Brizuela v. USP Hazelton, 1:22-CV-93, (16) Brizuela v. Federal Bureau of Investigation, 1:22-CV-96, and (17) Brizuela v. Mon Health Medical Center, 1:22-CV-104. Although these cases are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations. The undersigned has entered Reports and Recommendations as to these other matters. Given the commonality among the matters, there is some duplication in the citations to authority and analyses in the undersigned's several Reports and Recommendations.

the healthcare facility) made unfavorable statements about him and/or called Plaintiff's medical treatments into question, culminating in Plaintiff being unable to continue working at that facility. The precise nature of Plaintiff's factual allegations concerning Defendant, while expansive, are nonetheless poorly articulated in the Complaint and accompanying materials. Thus, the undersigned, in some regard, intuits what Plaintiff strives to articulate.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Two in Criminal Action No. 1:18-CR-1.[2] Plaintiff was sentenced to imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

---

[2] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

3

As for the substance of Plaintiff's claims, Plaintiff purports to lodge two causes of action, namely (1) defamation and (2) "violation of Plaintiff's constitutional rights," including but not limited to violation of the Fourteenth Amendment.

Plaintiff's Amended Complaint is a single-spaced, densely-worded, and wide-ranging narrative [ECF No. 1-1, at 1-3]. It is unclear what Plaintiff alleges Defendant's affiliation with the above-noted healthcare facility to have been. Plaintiff nonetheless takes issue with how Defendant, another physician, allegedly questioned Plaintiff's medical practice, including Plaintiff's prescribing certain medications or treatments. Plaintiff alleges that Defendant made false statements or purveyed false information about Plaintiff and his medical practice, resulting in Plaintiff losing hospital privileges and impacting Plaintiff's ability to make a living.

In conjunction with the Amended Complaint, there is also pending a previously-filed *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On November 2, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 10], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), aff'd in part sub nom. Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro*

*se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him in any compensable fashion. Plus, Plaintiff has an insurmountable statute of limitations barrier.

### A. Defamation Claim

As to the defamation claim, Plaintiff alleges in the original Complaint that Defendant's statements ultimately gave rise to an investigation of Plaintiff by the Federal Bureau of Investigation ("FBI") on October 15, 2015 and again sometime in October of 2016. [ECF No. 1-1, at 2]. Plaintiff filed his initial Complaint on August 19, 2022. [ECF No. 1]. A defamation cause of action is subject to a one-year statute of limitations. W. Va. Code § 55-2-12(c); see also Wilt v. State Auto. Mut. Ins. Co., 203 W. Va. 165, 170, 506 S.E.2d 608, 613 (1998) (explaining difference among various torts, including defamation, and statute's applicability with respect to them). Thus, in viewing the facts in a light most favorably to Plaintiff, the statute of limitations on the defamation claim began to run in October of 2016, at the latest. Yet, Plaintiff did not bring this action until August 19, 2022, nearly five years after the statute of limitations had run. Thus, Plaintiff's defamation claim clearly is time-barred and should be dismissed.[3]

Even if Plaintiff did not have this issue with the statute of limitations, he has failed to allege the most basic facts giving rise to a defamation cause of action. "The essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least

---

[3] Plaintiff cites the continuing violation doctrine in support of an argument that the statute of limitations has not run. [ECF No. 12-1, at 3]. Plaintiff's argument is unavailing. Under this doctrine, a statute of limitations may continue to run if there are continuing violations or torts committed. See generally Gregory v. Currituck Cnty., No. 21-1363, 2022 WL 1598961, at *1 (4th Cir. May 20, 2022). However, Plaintiff here alleges no such continuing acts, and at best alleges only continuing harm. The existence of alleged continuing harm is insufficient, standing alone, for the continuing violation doctrine to apply. Id; see also Syl. Pt. 3, Roberts v. W. Va. Am. Water Co., 221 W. Va. 373, 655 S.E.2d 119 (2007).

negligence on the part of the publisher; and (6) resulting injury." Syl. Pt. 1, Crump v. Beckley Newspapers, Inc., 173 W. Va. 699, 703, 320 S.E.2d 70, 74 (1983). Moreover, "[a] court must decide initially whether as a matter of law the challenged statements in a defamation action are capable of a defamatory meaning." Syl. Pt. 6, Long v. Egnor, 176 W. Va. 628, 630, 346 S.E.2d 778, 780 (1986). Finally, a claimant in a defamation case must plead the cause of action with particularity, by setting forth precisely which words or statements alleged to have said or published. See generally Kondos v. W. Virginia Bd. of Regents, 318 F. Supp. 394, 398 (S.D.W. Va. 1970), aff'd sub nom. Kondos v. the W. Virginia Bd. of Regents, 441 F.2d 1172 (4th Cir. 1971).

In the instant matter, Plaintiff alleges only, in a broad and general fashion, that Defendant "knowingly and willingly fabricated false information about me." [ECF No. 12-1, at 3]. Also, while Plaintiff does not straightforwardly attribute it to Defendant, he possibly claims that a doctor, who is not plainly alleged to be Defendant, "called the hospital and said bad things about me." [Id., at 2]. Plaintiff also complains, again in general terms, of Defendant's unfavorable view of Plaintiff's medical practice. [Id.]

This falls far short of the requirements, set forth above, regarding pleading a cause of action for defamation. Plaintiff sets forth no specific statement alleged to be said or published by Defendant. Plaintiff's general, conclusory allegations simply fail to meet the requirement to plead defamation with particularity. Moreover, to the extent which the alleged statements may be discerned, Plaintiff does not explain how they were false. As such, although Plaintiff alleges that the statements contributed to his professional decline, he does not explain, in a discernable fashion, how the statements were tied to law enforcement action against Plaintiff. At bottom, Plaintiff's gripes with Defendant seem to amount to "sour grapes" about his perception that Defendant's

actions contributed to Plaintiff's criminal troubles. Thus, Plaintiff's pleading of a defamation cause of action fails to meet the minimum pleading standards required under the law, and thus should be dismissed for failure to comply with the basic requirements of Fed. R. Civ. P. 8(a).

### B. Constitutional Rights Claim

Plaintiff's constitutional rights claim is subject to a two-year statute of limitations. See generally Owens v. Okure, 488 U.S. 235, 249–50 (1989) (looking to state law to determine statutes of limitations for actions sounding in constitutional violations); W. Va. Code § 55-2-12 ("Every action for which no limitation is otherwise prescribed shall be brought . . . (b) *within two years* next after the right to bring the same shall have accrued if it be for damages for personal injuries . . . ." (emphasis added)). As set forth above concerning Plaintiff's defamation claim, the statute of limitations began to run in October of 2016, at the latest. Yet, Plaintiff did not initiate this action until August 19, 2022, well beyond the two-year statute of limitations. Thus, Plaintiff's claim here is time-barred.

As for the substance of the claim, Plaintiff vaguely alleges a cause of action under the constitution, including but not limited to the Fourteenth Amendment. Plaintiff does nothing to explain how the constitution constrains or applies to Defendant herein, or what specific acts alleged are in contravention of the constitution generally or the Fourteenth Amendment specifically. Plaintiff does not even allege how Defendant is a public entity or actor which could be subject to such liability. See generally DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). Thus, Plaintiff makes no viable constitutional claim.

Relatedly, Plaintiff invokes 18 U.S.C. § 242 [ECF No. 12-1, at 3], which is a criminal statute for deprivation of rights under color of law. However, Plaintiff cites no authority for how

this <u>criminal</u> statute, ordinarily invoked by <u>governmental</u> law enforcement, could give rise to <u>civil</u> liability by which a <u>private</u> party such as Plaintiff may seek relief.

Thus, Plaintiff's constitutional violations claim fails, and thus should be dismissed for failure to comply with the basic requirements of Fed. R. Civ. P. 8(a).

### IV. FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

At bottom, then, the undersigned **FINDS** that the Amended Complaint simply does not contain sufficient factual allegations tied to viable legal claims. Thus, Plaintiff articulates no cognizable legal causes of action. Plaintiff presents no basis on which he can proceed with a civil action here.

The undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. Thus, even when construing the *pro se* Complaint most liberally, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Amended Complaint is without foundation in fact and does not set forth cognizable claims at law. As such, the Amended Complaint does not sufficiently state a claim for relief. <u>Twombly</u>, 550 U.S. 544. The Amended Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claim(s) which Plaintiff would lodge against him or the relief Plaintiff would have this Court order.

For the abovementioned reasons, the undersigned **FINDS** that the Amended Complaint [ECF No. 12-1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Amended Complaint, filed in *forma pauperis* [ECF No. 12-1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to comply with the

minimal pleading standards set forth in Fed. R. Civ. P. 8(a). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: December 22, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE